**IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF OHIO,
WESTERN DIVISION**

| | |
|---|---|
| United States of America, | Case No. 3:14-cr-0273-01 |
| Plaintiff, | Judge James G. Carr |
| v. | **ORDER** |
| Alejandro A. Garcia, | |
| Defendant. | |

Pending is the Defendant's Motion to Reduce Sentence – filed by the Federal Public Defender – pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 812). The Government filed its Response in Opposition under seal. (Doc. 816 SEALED). Defendant filed a Reply under seal. (Doc. 823 SEALED). For the foregoing reasons, I deny Defendant's Motion.

### Background

The Defendant currently is serving his second federal sentence for leading a major drug conspiracy in the Toledo area.

In the first case, 3:02-cr-00703-02, Defendant was part of a four-person conspiracy. The late Hon. Judge Katz sentenced Defendant on three Counts – Conspiracy and two Counts of Possession with Intent (Cocaine) – to 121 months on each count all to run concurrently, followed by a five-year term of supervised release. (Doc. 131 of 3:02-cr-00703-02).

Defendant was released from prison in 2010 and began his supervised release. Yet, the criminal activity was never at a lull. Defendant almost immediately started contacting drug suppliers, obtaining multiple kilograms of heroin, cocaine, and marijuana. (Doc. 644 SEALED,

pgID 4483). Whereupon. he and others distributed the drugs to lower-level dealers and users in the Toledo area. (*Id.*).

When the FBI raided his home on December 19, 2013, Defendant admitted he was a multiple kilogram dealer of narcotics, dealing over one kilogram of heroin during this time period. (*Id.*). He stated he had several local distributors working for him that he managed or supervised, and he possessed the gun for his protection. (*Id.*). Additionally, Defendant admitted to violating the terms of release by possessing firearms and drugs. (Case No. 02-cr-00730-02, Doc. 142 – Violation Report 04/07/2014).[1] Defendant was taken into custody on April 22, 2014 (*Id.*, Doc.146), and upon reassignment, I sentenced Defendant to serve a term of 48 months for the violations. (*Id.*, Doc. 154).

A few months later, on August 19, 2014, the indictment in this (the second federal) case was filed. (Case No. 3:14-cr-00273-01, Doc. 1 SEALED). The activity was traced to the FBI's investigation originating in 2010 – nearly the time of his release from prison. The specific focus was on Defendant as a "main supplier of drugs in northwest Ohio" and "one of two Toledo suppliers of heroin to the conspiracy members…and a leader of the criminal activity." (Doc. 644 SEALED, pgID 4482).

The Defendant entered a plea of Guilty on May 10, 2016 to one Count of Conspiracy. (Doc. 634 SEALED). Defendant's Total Offense Level was calculated to be a 31, and his Criminal History Category a V. (Statement of Reasons) The resulting Guideline Range was 168 to 210 months. (*Id.*). I sentenced Defendant to the top of the range - 210 months - for his role in

---

[1] His excuse to the Probation Officer? He was selling marijuana to earn money for Christmas gifts. And he needed the gun to protect himself from intruders, who had (allegedly) broken into this home. (Case No. 02-cr-00703-02, Doc. 142, pgID 61).

the DTO. (Doc. 664). I later, upon considering Defendant's Motion to Reduce Sentence (Doc. 747), reduced the sentence to 200 months. (Doc. 762).[2]

## Discussion

Amendment 821 authorizes resentencing of a previously sentenced defendant where: 1) at time of sentencing he received two "status points" in calculating the criminal history category; and 2) eliminating one (or both) of the status points would result in a lower category. Amendment 821 to U.S.S.G. (Nov. 1, 2023), amending § 4A1.1(e).

In Part A, the Sentencing Commission altered the "status points" provision by striking § 4A1.1 subsection (d); redesignating subsection (e) as (d); and rewriting § 4A1.1(e), which now states: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d)[3], and (2) committed the offense while under any criminal justice sentence, including probation…." https://www.ussc.gov/guidelines/amendment/821. Consequently, those who present with six points or less now receive zero status points.

In this case, Defendant received two status points because he committed the offense while under a criminal justice sentence of probation related to a DUI conviction in Toledo Municipal Court, as well as separate term of probation for another DUI conviction in Sylvania,

---

[2] I ruled: "Garcia's Motion to Reduce Sentence is based upon Mr. Garcia not receiving credit for pretrial custodial detention for violation of supervised release as this Court intended at the time of sentencing. This Court finds that extraordinary and compelling reasons exist and in consideration of the 18 U.S.C. §3553(a) factors, the Motion is hereby GRANTED, and the sentence imposed is reduced to a term of 200 Months imprisonment, with 10 years of supervised release to follow."

[3] Subsection (a) requires addition of three points for prior sentences exceeding thirteen months. Subsection (b) requires addition of two points for prior sentences of sixty days to thirteen months. Subsection (c) requires addition of one point for each sentence not yet counted (four points max). Subsection (d) requires addition of one point for each sentence not previously counted resulting from conviction of a crime of violence (three points max). U.S.S.G. § 4A1.1.

(Ohio) Municipal Court. (Doc. 644 SEALED, pgID 4494). He received eight points for other convictions.

Under Amendment 821, Defendant now receives one status point, not two, lowering his points to nine and his Criminal History Category from a V to a IV. (Doc. 812 SEALED, pgID 5115; Doc. 816 SEALED, pgID 5134). This reduces the Guideline Range to 151 to 188 months. (*Id.*). Defendant seeks a reduction to 169 months. (Doc. 812 SEALED, pgID 5113).

Mere eligibility under Amendment 821 is not, however, enough. Before granting the Defendant's Motion, I must consider the factors prescribed in 18 U.S.C. § 3553(a). On doing so, I decline to grant an adjustment downward in the Defendant's sentence.

First, as outlined above, the nature and circumstances of the offense, as well as Defendant's history and characteristics, militate strongly against granting his Motion. Simply put, Defendant showed after his first release that he was incorrigible. Despite a lengthy sentence in a federal prison, he remained undeterred and became the kingpin of a 55-count indictment involving twenty-six defendants.

Thus, consideration of the nature and circumstances of his crimes favors denial of a sentence reduction. I decline prematurely to enable the Defendant to resume, yet again, the only "trade" he has practiced – drug trafficking.

Turning to the need for the sentence imposed, specifically, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, I note I have already reduced Defendant's sentence by ten months. He, simply due to Amendment 821, does not warrant further sentence reduction.

Defendant was a successful, long-time major drug dealer. Not once – but, as noted – twice (of which he was actually convicted). My obligation in sentencing is to protect the public.

4

The havoc Defendant resumed creating has, no doubt, ongoing consequences in the Toledo community and far-reaching results beyond the city limits.

Most fundamentally, I consider the danger to the community that might result were I to grant a sentence reduction. Dealers of the kind and sort as Defendant leave a legacy. Each individual, whom they affect, helps to infect the community. And the consequences of such infection are long-lasting and incalculable. Were that risk be realized, he would again, given the prolonged periods of his earlier successes, potentially corrupt not just a second, but a third generation of victims.

Furthermore, release now would hardly enhance respect for the law. Nor would it serve the public interest in public deterrence of others. I prefer, in the interest of the public, whom he has twice before so grievously harmed, to deny him the chance to cut his prison term short only to follow the same career path that he has previously taken.

I conclude, accordingly, that Defendant does not deserve the benefit of Amendment 821's revisions to the Sentencing Guidelines.

It is, therefore

ORDERED THAT the Defendant's Motion to Reduce Sentence under Amendment 821 (Doc. 812) be, and the same hereby is, **DENIED.**

So ordered.
Date: 11/7/2024

/s/ James G. Carr
Sr. U.S. District Judge